UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

      Plaintiff,

v.                                           Case No.: 2:11-cv-351-FtM-
36SPC

COURTNEY RANIERI, individually and
as natural mother and guardian of RR, a minor,

      Defendant.

_____/

## **ORDER**

This cause comes before the Court on Defendant Courtney Ranieri's Motion to Dismiss

(Doc. No. 19).  For the reasons that follow, the motion is denied.

## I.      Background

On June 17, 2011, Plaintiff Lee Memorial Health System ("Lee Memorial") filed a

complaint in this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for

injunctive and declaratory relief against Ranieri.  (Doc. No. 1).  Specifically, Lee Memorial

seeks a declaration clarifying its rights and obligations under, and determining the

constitutionality of, Amendment 7 of the Florida Constitution in relation to the Patient Safety

and Quality Improvement Act of 2005, the Health Insurance Portability and Accountability Act,

the Health Care Quality Improvement Act, and the Contract Clause of the United States

Constitution, Art. I, § 10, cl. 1.

This case relates to a medical malpractice action that Ranieri filed in state court on

December 17, 2010 ("State Action"), in which she served a request for production, demanding:

      Any and all records made or received in the course of business by

Defendant relating to any "Adverse Medical Incident". "Adverse Medical Incident" means medical negligence, intentional misconduct, and any other act, neglect or default of a health care facility or health care provider that caused or could have caused injury to or death of a patient, including, but not limited to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee, or any representative of any such committees.

(Doc. No. 17 at 8). Ranieri's request implicates Amendment 7 of the Florida Constitution, entitled the "Patients Right to Know About Adverse Medical Incidents," Florida Constitution Article X, Section 25, ("Amendment 7"), which provides, in part: "[i]n addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident." (Doc. No. 17 at 3).

Lee Memorial objected to Ranieri's request before the state court, and before this Court, it contends that Amendment 7 is preempted in that it thwarts or is in direct conflict with federal law, and is unconstitutional. Ranieri has moved for dismissal, arguing that, because Lee Memorial's claim is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, and because the issues raised in this action arise from discovery requests in the State Action, this Court should decline to exercise jurisdiction and allow the state court to resolve these issues.

## II.    Discussion

Ranieri contends that this case presents an instance of "rank 'forum shopping' and jurisdictional fencing," that the state court "is perfectly capable of resolving any conflict-of-law or preemption question," and that "[t]here is no practical purpose to be served by attempting to confuse the pending tort case by inserting a federal district court decision pertaining to discovery

or the admission of evidence into the state action." (Doc. No. 19 at 15). Consequently, Ranieri argues, under standards announced by the Supreme Court, the Eleventh Circuit, and this Court, this Court should decline to exercise its discretionary jurisdiction and dismiss this case.[1] In response, Lee Memorial disputes Ranieri's allegations of forum shopping and contends that Ranieri's arguments for abstention are misplaced.

### A. The *Wilton/Brillhart* Doctrine

Ranieri argues that this case should be dismissed pursuant to the *Wilton/Brillhart* doctrine,[2] which "sets the parameters for the discretion of federal courts to utilize declaratory judgments, when asked to do so within the context of an action which is pending simultaneously in a state court." *See Gen. Star Indem. Co. v. Puckit, L.C.*, 818 F. Supp. 1526, 1529 (M.D. Fla. 1993). Lee Memorial contends that the *Wilton/Brillhart* doctrine is inapplicable for four reasons: (1) there is no parallel state court action; (2) the instant complaint raises only questions of federal law; (3) this case presents an issue of first impression; and (4) if the *Ameritas* factors[3] are applicable, they counsel in favor of this Court exercising jurisdiction.

"The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'. . . It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co.*

---

[1] Ranieri has also moved for attorney's fees and costs. However, because the Court has determined that the motion to dismiss should be denied, Ranieri is not entitled to attorney's fees or costs.

[2] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1942); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

[3] *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (per curiam).

*v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1942); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). "District courts have 'substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings.' " *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 815 (11th Cir. 2008) (per curiam) (quoting *Wilton*, 515 U.S. at 289–90).

A district court's decision to exercise or to decline jurisdiction in a declaratory judgment action under the *Wilton/Brillhart* doctrine will be reversed only for abuse of discretion. *Ameritas*, 411 F.3d at 1330. In *Ameritas*, the Eleventh Circuit provided a non-exhaustive list of guideposts to assist district courts in exercising that discretion.[4] However, a district court need evaluate the *Ameritas* factors only when the court first determines that the declaratory judgment action and the state court action "present[] the same issues, not governed by federal law, between the same parties." *See id*; *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP*, No. 11-60136-CIV, 2011 WL 2436693, at * 2 (S.D. Fla. June 14, 2011).

---

[4] The *Ameritas* factors are as follows:  1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' — that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Ameritas*, 411 F.3d at 1331.  The Eleventh Circuit explained that its list was "neither absolute, nor is any one factor controlling." *Id.*

Here, Ranieri and Lee Memorial are parties to both the State Action and the declaratory judgment action before this Court. However, the central issue presented in the State Action is whether or not Lee Memorial was negligent in dispensing Gentamicin to Ranieri while Ranieri was pregnant. That issue will be governed exclusively by Florida negligence law. Conversely, in the action before this Court, Lee Memorial seeks a declaration clarifying its rights and obligations under, and determining the constitutionality of Amendment 7 in relation to the Contract Clause. At a minimum, resolution of the issues in the instant case will require examination of Amendment 7, the federal statutes, federal preemption law, and principles of constitutionality under the United States Constitution. Although the issues Lee Memorial presents in the instant action have consequences for discovery in the State Action, this is not a circumstance in which the same parties present the same issues, nor is this an instance in which both cases would be governed by state rather than federal law. Consequently, it would be inappropriate to decline jurisdiction pursuant to the *Wilton/Brillhart* doctrine under these circumstances.

## B. *Burford* Abstention

Ranieri also argues that dismissal is appropriate under *Burford* abstention;[5] Lee Memorial disagrees and contends that Burford abstention is inapplicable here. The Supreme Court has summarized *Burford* abstention as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of *state administrative agencies*: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then

---

[5] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Boyes v. Shell Oil Products Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000) (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (citations and internal quotations omitted)) (emphasis added). "The purpose of *Burford* abstention is to 'protect complex state administrative processes from undue federal interference.'" *Id.* (quoting *New Orleans Pub. Serv., Inc.*, 491 U.S. 362) (alterations omitted). Because there is no complex state administrative process implicated here, *Burford* abstention is inapplicable.

###### C.    The *Rooker/Feldman* Doctrine

Finally, Ranieri argues that this case may be dismissed pursuant to the *Rooker/Feldman* doctrine;[6] Lee Memorial contends that because there has been no final state court judgment in this case, the *Rooker/Feldman* doctrine is inapplicable. Under the *Rooker/Feldman* doctrine, a district court "lack[s] jurisdiction to 'entertain a proceeding to reverse or modify' a state court judgment, even if said judgment was wrong." *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Therefore, the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Casal v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (per curiam). Because there is no final state court judgment in this case, the *Rooker/Feldman* doctrine is inapplicable here. *See Jung Bea Han v. McDonald*, 408 F. App'x

---

[6] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia v. Feldman*, 460 U.S. 462 (1983).

289, 291 (11th Cir. 2100) (per curiam).

**III.    Conclusion**

The State Action and the declaratory judgment action pending before this Court are not "parallel" for purposes of the *Wilton/Brillhart* doctrine because — even though they share some minor overlapping issues — they do not present the same issues, not governed by federal law, between the same parties.  Therefore, this Court will not decline to exercise its jurisdiction under the Declaratory Judgment Act.  Accordingly, it is ORDERED AND ADJUDGED that Defendant Courtney Ranieri's Motion to Dismiss (Doc. No. 19) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of May, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

7