UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LEE MEMORIAL HEALTH SYSTEM,**

    Plaintiff,

v.                                                     Case No.:2:11-cv-351-FtM-36SPC

**COURTNEY RANIERI, individually and
as natural mother and guardian of RR, a minor,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Abstention (Dkt. 26) and Plaintiff's Response in opposition (Dkt. 27). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff, Lee Memorial Health System ("Lee Memorial") is currently a defendant in a state medical malpractice suit, during which Defendant, Courtney Ranieri ("Ranieri") served a request for production of "[a]ny and all records made or received in the course of business by Defendant relating to any 'Adverse Medical Incident'" (Dkt. 17 at 8). Defendant's request was made pursuant to Amendment 7 of the Florida Constitution, titled the "Patients Right to Know About Adverse Medical Incidents" (Dkt. 17 at 9). Plaintiff

objected to Defendant's request for production before the state court and now asks this Court to declare that Amendment 7 is preempted by the Patients Safety and Quality Improvement Act of 2005, the Health Insurance Portability and Accountability Act, the Health Care Quality Improvement Act of 1986, and that it violates the Contract Clause. Plaintiff also seeks an injunction that it need not comply with the Amendment 7 requests for information.

Defendant moves this Court to abstain from exercising jurisdiction and to allow the state court to resolve these issues.

## **DISCUSSION**

Defendant argues that Plaintiff's claims are barred under the *Younger* abstention doctrine. *See generally Younger v. Harris*, 401 U.S. 37 (1971). The Court disagrees. Abstention under *Younger* remains "the exception, not the rule" to the federal courts "virtually unflagging" duty to "adjudicate claims within their jurisdiction." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans* (*NOPSI*), 491 U.S. 350, 359 (1989)). *Younger* does not preclude all federal court involvement any time there may be state proceedings. Instead, abstention is required under *Younger* when: "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 Fed. Appx. 231, 232 (11th Cir. 2009).

While *Younger*'s principles have expanded to civil enforcement proceedings that implicate important state interests, *Middle Sex Cnty. Ethics Comm. v. Garden State Bar*

*Ass'n*, 457 U.S. 423, 432 (1982), the Supreme Court has made clear that the abstention doctrine is not triggered unless the federal injunction requested would create an "undue interference with state proceedings." *NOPSI*, 491 U.S. at 359; *Wexler*, 385 F.3d at 1340 (holding that a pending state civil action does not require federal abstention "unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions.").

In the present case, the Court concludes that Plaintiff's requested relief would not result in an undue interfere with the ongoing state action. In order to decide this question, "we look to the relief requested and the effect it would have on the state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). Plaintiff has asked the Court to determine the constitutionality of Amendment 7 with respect to the federal statutes and the Contract Clause and to grant an injunction declaring that it need not comply with the Amendment 7 requests for production. The requested relief does not impact nor does it ask the Court to declare invalid a state court order or judgment. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009) (quoting *NOPSI*, 491 U.S. at 368) ("[T]he Supreme Court has instructed that *Younger* only applies where the state proceeding at issue involves 'orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . ." Indeed, Defendant requested Amendment 7 documents prior to initiating the medical malpractice suit. *See* Dkt. 26 at 5.[1]

---

[1] Pursuant to Amendment 7, Defendant is entitled to a pre-suit inspection of medical records regardless of whether she proceeds with her medical malpractice action in state court. *See* Art. X, § 25(c)(4), Fla. Const. (the requested medical records must be made available for inspection upon formal or informal request by the patient).

Accordingly, Defendant has failed to explain how a decision in this federal case would interfere with a specific order of the state court in the pending malpractice action. "If there is no interference, then abstention is not required." *31 Foster Children*, 329 F.3d at 1276.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Abstention (Dkt. 26) is DENIED as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\FT MYERS cases\11-cv-351 abstention 26.wpd